IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

WILLIE SIMPSON.

                        Plaintiff,

v.

TIMOTHY HAINES, THOMAS BELZ,
KEITH WIEGEL, TIMOTHY JONES,
SCOTT JONES, MICHAEL COCKCROFT,
TODD BRUDOS, DANE ESSER, SHAWN GALLINGER,
MATTHEW SCULLION, THOMAS BROWN,
PETER BRINKMAN, LAVERNE WALLACE, BRIAN GENRICH,
MICHAEL SHERMAN, SARAH PELKY, MATTHEW OSWALD,
TRAVIS PARR, DAN SUTHERS, NICHOLAS MORIS,
JASON ROBERTS, AARON RICHTER, RUSSELL HILL,
DANIEL LEFFLER and SIX JOHN DOE CORRECTIONAL OFFICERS[1],

                        Defendants.

ORDER

11-cv-851-bbc

_____

The Preliminary Pretrial Conference Order entered in this case on June 11, 2012 is hereby AMENDED to add the following deadlines and explanations regarding the Doe defendants in this lawsuit:

**Identifying the Doe Defendants**

A) **October 5, 2012**: Plaintiff shall complete service of his discovery requests aimed at identifying his Doe defendants. It is important for plaintiff to prepare clear, thorough discovery requests so that the assistant attorney general and the institution have enough information to provide useful responses. It is not the responsibility of the assistant attorney general or the institution to determine the identities of the Doe defendants on their own. Upon receipt of plaintiff's discovery requests relating to Doe defendants, the assistant attorney general should

---

[1] I have amended the caption to replace C.O. Genrich with the name Brian Genrich, Sgt. Sherman with the name Michael Sherman, C.O. Pelky with the name Sarah Pelky, C.O. Oswald with the name Matthew Oswald, C.O. Parr with the name Travis Parr, C.O. Sutters with the name Dan Suthers, C.O. Moris with the name Nicholas Moris, Sgt. Roberts with the name Jason Roberts, Sgt. Richter with the name Aaron Richter, Sgt. Hill with the name Russell Hill and Sgt. Leffler with the name Daniel Leffler as identified in the Amended Acceptance of Service.

endeavor to provide the requested information as soon as possible but not later than the time allowed by the federal rules of civil procedure. Although the assistant attorney general and the institution have no duty to conduct a proactive investigation, the court expects them to use good faith best efforts promptly to identify the Doe defendants in this case. The assistant attorney general should file with the court a copy of his responses to plaintiff's discovery requests relating to the Doe defendants. The assistant attorney general also must report to the court whether he will accept service of the amended complaint on behalf of some or all of the Doe defendants. If he chooses not to accept service, then he must provide to the court, ex parte and under seal, the known addresses of the now-identified Doe defendants so that the Marshals Service may serve them with the amended complaint.

B) **November 5, 2012**: Plaintiff shall file an amended complaint. Plaintiff may hand-write in his changes. The caption of the document shall be changed to identify it as the *amended* complaint. Plaintiff shall replace all references to Doe defendants with the names provided to him by the state. Plaintiff shall not make any other changes to his complaint without first asking for and receiving permission from the court.

*Note well*: If plaintiff does not file an amended complaint naming the Doe defendants by the deadline, then this court could dismiss all of plaintiff's claims against the Doe defendants.

C) **November 26, 2012**: The now-identified Doe defendants shall file and serve their answers to plaintiff's amended complaint.

Entered this 13th day of September, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2