IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE SIMPSON,

                                                      ORDER

                   Plaintiff,

                                                 11-cv-851-bbc

     v.

TIMOTHY HAINES,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Willie Simpson is proceeding on Eighth Amendment conditions of confinement and failure to protect claims against defendant Warden Timothy Haines, alleging that Haines was aware that correctional officers have been pumping toxic chemicals into his cell and has done nothing to stop it. Plaintiff's complaint included a request for injunctive relief, so I set briefing on the preliminary injunction motion. Plaintiff has submitted his proposed findings of fact and defendant has filed his response as well as his own proposed findings.

     Unfortunately, the proposed findings of fact adduced by the parties present a muddled picture, making it difficult to rule on the motion. The parties' versions of the facts are quite different and neither side provides a full timeline of events. According to plaintiff, several correctional officers have repeatedly attacked plaintiff by pumping toxic chemicals into his cell over the course of the last two years. However, plaintiff details very few specific

1

instances of these attacks, instead making vague statements about being attacked multiple times over a period of several months.  Also, plaintiff seems to contradict himself at points, suggesting that he was "pepper sprayed" but later stating that the chemicals used were "not the standard issue for use on prisoners" even though it is undisputed at this point that pepper spray is the chemical agent used for incapacitating prisoners.

Defendant seems to be saying that plaintiff's entire story is inherently incredible, in part because plaintiff suggests at some points that the chemicals were pumped through the air vent, sink or intercom system, all of which defendant says are not possible means of dispensing chemicals.  However, plaintiff has not been given an opportunity to dispute defendant's account of how his cell is built, and in any case, defendant concedes that cells at the prison have a "gas port" through which chemical agents can be dispensed, so it is unclear whether the parties have a genuine dispute about the mechanism through which the chemicals could have been delivered.  Moreover, the record suggests that prison staff *has* used pepper spray against plaintiff (perhaps for legitimate reasons) but the parties never explain with any specificity when and how this may have occurred.

Perhaps part of the reason the factual picture is so murky at this point is that under the terms of this court's procedure for briefing preliminary injunction motions, plaintiff was not given an opportunity to provide a reply and thus has not had a chance to directly rebut proposed findings of fact raised by defendant.  Therefore, I will direct plaintiff to submit (1) a reply to each numbered factual statement made by defendant in response to plaintiff's proposed findings of fact; (2) a reply to each of defendant's own proposed findings of fact;

(3) evidentiary materials supporting these documents; and (4) a reply brief.

In addition, I remain concerned that the parties have not fully provided the court with details surrounding the use of chemical agents, lawfully authorized or not. Accordingly, I will direct plaintiff to provide (5) supplemental proposed findings of fact, along with supporting evidence, providing as much detail as possible regarding *each time* chemical agents were used on him. He should explain when each event occurred (if plaintiff does not know the exact dates, he should explain how often they occurred over a particular time period), whether the use of chemicals was done to insure compliance with directives from staff or whether staff was just trying to harm him, and whether he believes pepper spray or some other, unauthorized, chemical agent was used on him. Defendant will be given a chance to respond to plaintiff's supplemental proposed findings.

ORDER

IT IS ORDERED that plaintiff Willie Simpson may have until January 3, 2013, to submit reply materials in support of his motion for preliminary injunctive relief, as well as supplemental proposed findings of fact concerning prison officials' use of chemical agents on him. Defendant Timothy Haines may have until January 17, 2013 to respond to the

supplemental materials filed by plaintiff.

Entered this 17th day of December, 2012.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge