IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE SIMPSON,

                                                        ORDER

                Plaintiff,

                                                     11-cv-851-bbc

    v.

TIMOTHY HAINES,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Willie Simpson is proceeding on claims challenging his conditions of confinement and defendant Warden Timothy Haines's failure to protect him, alleging that Haines was aware that correctional officers have been pumping toxic chemicals into his cell and did nothing to stop it. Plaintiff's complaint included a request for injunctive relief, so I set briefing on the preliminary injunction motion. In a December 17, 2012 order, I noted that the proposed findings of fact submitted by the parties "present[ed] a muddled picture, making it difficult to rule on the motion." Dkt. #63. I directed plaintiff to submit further proposed findings, stating as follows:

> Perhaps part of the reason the factual picture is so murky at this point is that under the terms of this court's procedure for briefing preliminary injunction motions, plaintiff was not given an opportunity to provide a reply and thus has not had a chance to directly rebut proposed findings of fact raised by defendant. Therefore, I will direct plaintiff to submit (1) a reply to each numbered factual statement made by defendant in response to plaintiff's proposed findings of fact; (2) a reply to each of defendant's own proposed findings of fact; (3) evidentiary materials supporting these documents; and (4)

1

a reply brief.

In addition, I remain concerned that the parties have not fully provided the court with details surrounding the use of chemical agents, lawfully authorized or not.  Accordingly, I will direct plaintiff to provide (5) supplemental proposed findings of fact, along with supporting evidence, providing as much detail as possible regarding *each time* chemical agents were used on him.  He should explain when each event occurred (if plaintiff does not know the exact dates, he should explain how often they occurred over a particular time period), whether the use of chemicals was done to insure compliance with directives from staff or whether staff was just trying to harm him, and whether he believes pepper spray or some other, unauthorized, chemical agent was used on him.  Defendant will be given a chance to respond to plaintiff's supplemental proposed findings.

Rather that submit the requested materials, plaintiff filed motions to stay briefing on the preliminary injunction motion and a motion to preserve evidence in the form of the prison's video recordings taken outside his cell.  In a January 31, 2013 order, I denied the motion to preserve evidence and gave the parties a final opportunity to submit the proposed findings of fact discussed in the December 17, 2012 order, stating that "the resolution of this motion and the attendant discovery issues has taken far too long already."

Unfortunately, plaintiff has not properly responded to the January 31 order; he did not provide any of the proposed findings of fact that he was directed to provide in the December 17 order.  All plaintiff has submitted are two affidavits of his own in which he avers that toxic chemicals were pumped into his cell on January 30 and 31, 2013.

Plaintiff's failure to comply with this court's scheduling deadlines might be reason enough to deny his motion for preliminary injunctive relief under Fed. R. Civ. P. 16(f). ("On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order.")  In any case, plaintiff's repeated

failure to flesh out the details of his claims means that his motion should be denied on its own merits. Plaintiff shoulders the burden of establishing a likelihood of success on the merits of his underlying claims, Christian Legal Society v. Walker, 453 F.3d 853, 859 (7th Cir. 2006). Given the dearth of details plaintiff has provided in his original proposed findings of fact, the fantastical nature of many of his proposed findings (such as that the ventilation system is designed to remove all oxygen from his cell and that toxic chemicals were introduced through the intercom system) and plaintiff's failure to dispute facts proposed by defendant Haines that he investigated plaintiff's complaints and found no evidence to support them, I conclude that plaintiff has failed to show any likelihood of success on the merits of his claims. His motion for preliminary injunctive relief will be denied.

Finally, I note that the parties have filed cross motions for summary judgment, with briefing in process. Plaintiff should be aware that he will not be able to succeed on his claims if he fails to provide proposed findings of fact detailing the circumstances behind each alleged use of chemical agents against him. He will also need to respond to the proposed findings of fact submitted by defendants. If he does not, those facts will be considered undisputed.

ORDER

IT IS ORDERED that plaintiff Willie Simpson's motion for preliminary injunctive relief, dkt. #1, is DENIED.

Entered this 19th day of February, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge